### LEVESQUE vs. ANDERSON.

APPEAL from the court of the sixth district.

MARTIN, J. delivered the opinion of the court,

In whatever
manner one
may bind
himself, he
shall be,
bound.

Western Dis.
October,1827.

LEVESQUE
vs.
ANDERSON.

A witness
who testifies
against his
interest, is a
good witness.

The appellee has moved for a dismissal of the appeal on the ground that the condition of the bond is not *verbatim* the one required by the article of the code of practice, in which the surety is bound only in case the appellant, being cast in this court, does not pay the amount of the judgment, and it cannot be made out of his property.

The condition of the bond given, binds the surety, immediately on the appellant being cast and failing to pay.

We think the objection ought not to prevail; the appellee is more amply secured by this bond than by that required by law; and we have held that in whatever manner one binds himself, he shall be bound.

The plaintiff sues the defendant, administrator of the estate of Louisa Hoffman, to procure the rescision of the sale of a slave, bought by the former at the sale of the state. There was judgment for the plaintiff and he appealed.

His counsel took a bill of exceptions to the opinion of the district court, who rejected Lalla Hammon, a witness offered by the defendant, to prove the redhibitory vice, on the ground that she is one of the persons entitled to the succession of Louisa Hoffman, whose estate the

defendant administers, and consequently has
an interest in the event of the suit.

Administrators are appointed to the estates of beneficiary heirs, and of persons entitled to a succession who desire time to deliberate whe_ ther they shall accept the succession. *Civil Code*, 1031, 1034. In the present case, it is not shewn that the witness has accepted the succession; admitting that she has, she comes to testify against her interest, by diminishing the amount of the estate, and is a good witness

But it is urged she is a party to the suit, a defendant, Anderson being a nominal one, and having no personal interest in the suit, and that the testimony of parties to a suit can be obtained by interrogatories only.

She is not actually a party to the suit, although she may derive some advantage from the judgment in favor of the actual defendant; the plaintiff could not have made her a party to the suit, for he was bound to direct his claim against the administrator. He therefore had no means to avail himself of her testimony by interrogatories.

We think the judge erred in rejecting her.

It is therefore, ordered, ajudged, and de-

Western Dis.
October,1827.

LEVESQUE
*vs.*
ANDERSON.

creed, that the judgment be anulled avoided and reversed, the verdict set aside, and the case remanded, with direction: to the judge to permit the testimony of Lallah Hammon to go to the jury; and it is ordered that the appellee pay costs in this court.

*Boyce* for the plaintiff, *Oakley* for the defendant.